# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# DIVISION OF LAFAYETTE

| | |
|---|---|
| **DESMOND DEMARIO FRAZIER** | **CIVIL ACTION: 6:19-cv-00082** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **CITY OF KAPLAN, LOUISIANA, ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 6), and the Motion to Dismiss Penalty, Punitive, or Exemplary Damages Regarding Plaintiff's First Amended Complaint (Rec. Doc. 22) filed on behalf of Defendants, Officer Cary James Burton (individually and in his official capacity as a police officer for the City of Kaplan), Officer Payton Lee Hardy (individually and in his official capacity as a police officer for the City of Kaplan),[1] and the City of Kaplan. Defendants seek dismissal of Plaintiff's claims against them for penalty, punitive, or exemplary damages. Plaintiff opposed the motion(s). (Rec. Doc. 27), and Defendants replied (Rec. Doc. 29).[2] The motions were referred to this

---

[1] Plaintiff named Officer Burton and Hardy in their individual capacities only; however, the Complaint states that each officer is sued "in his individual capacity, for actions as a sworn officer of Kaplan Police Department, acting under Color of Law…" (Rec. Doc. 1, ¶4; Rec. Doc. 16, ¶ 4). Defendants appeared in their individual and official capacities. (See e.g. Rec. Doc. 6).

[2] Subsequent to Defendants' first Motion to Dismiss, Plaintiff filed a First Amended Complaint for damages on March 8, 2019. Defendants then filed the second Motion to Dismiss. Plaintiff filed only one Opposition (Rec. Doc. 27), and Defendants filed one Reply (Rec. Doc. 29).

Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the following reasons, it is recommended that Defendants' first Motion to Dismiss (Rec. Doc. 6) be denied as moot, and that the second Motion to Dismiss (Rec. Doc. 22) be GRANTED.

## BACKGROUND

Plaintiff's original Complaint asserted a claim pursuant to 42 U.S.C. §1983 and §1988 for alleged violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights following his arrest on August 29, 2016. Plaintiff alleged that on that date Kaplan Officer Burton pulled him over for an alleged traffic violation. Upon coming to a stop, Plaintiff alleged that his passenger, DeAndrus Mitchell, jumped out of the vehicle and shouted that Plaintiff had a gun and tried to pull it on him. Officer Burton then forced both Plaintiff and Mitchell at gunpoint to lie on the ground. Kaplan Officer Hardy than arrived on the scene and handcuffed Plaintiff and Mitchell. Officer Burton then searched the vehicle and discovered a handgun and magazine in the grass approximately four feet from the passenger side of the vehicle. Officer Hardy then transported both Mitchell and Plaintiff to the Kaplan Police Department. They were both later charged for various gun-related offenses. (Rec. Doc. 1, ¶22-25; Rec. Doc. 16, ¶22-25).

Following his arrest, Plaintiff was incarcerated in the Vermilion Parish Jail until January 26, 2017, when a state court judge conducted a preliminary

examination and concluded that there had been no probable cause for Plaintiff's arrest. Thereafter, the charges were "nolle prossed" in June 2018. (Rec. Doc. 1, ¶29-30; Rec. Doc. 16, ¶29-30).

Plaintiff filed his original Complaint on January 23, 2019, in which he asserted claims for false arrest and malicious prosecution and *Monell* claims, and also seeking "general and/or special and/or punitive damages." (Rec. Doc. 1, at 12). In the original Complaint, Plaintiff named Officer Burton and Officer Hardy "individually in [their] official capacity[ies] as [] sworn officer[s] of the Kaplan Police Department, acting under Color of Law…" (Rec. Doc. 1, ¶4(B) and (C)).

Defendants filed their first Motion to Dismiss Plaintiff's claims for punitive damages on March 1, 2019. (Rec. Doc. 6). Shortly thereafter, on March 8, 2019, Plaintiff filed a First Amended Complaint for Damages, wherein Plaintiff named Officer Burton and Officer Hardy "in [their] individual capacity[ies], for actions as [] sworn officer[s] of the Kaplan Police Department, acting under Color of Law…" (Rec. Doc. 16, ¶4(B) and (C)[3]). Otherwise, Plaintiff's factual allegations and causes of action remained the same. Defendants then filed a Motion to Dismiss the claims for punitive damages in the First Amended Complaint. (Rec. Doc. 22). Given this procedural history, the Court recommends denying Defendants' first Motion to

---

[3]  Plaintiff also added the transcript of the January 26, 2017 preliminary examination in state court as Exhibit D and adjusted the remaining exhibit designations accordingly.

Dismiss (Rec. Doc. 6) as moot and granting Defendants' Second Motion to Dismiss on the merits.

## LAW AND ANALYSIS

### A. The Applicable Standard.

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."; *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its

face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

### B. Availability of Punitive Damages.

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981). See also *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). On the other hand, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a §1983 claim. *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

Plaintiff amended his Complaint from naming Officers Burton and Hardy "individually in [their] official capacity[ies]" to naming the officers "in [their] individual capacity[ies], for actions as [] sworn officer[s] of the Kaplan Police Department, acting under Color of Law...." (Compare Rec. Doc. 1, ¶4(B) and (C) with Rec. Doc. 16 ¶4(B) and (C)). Plaintiff further states in his Opposition to Defendants' motion that the Complaint was amended to eliminate the confusion, apparently conceding that the claims against the officers are individual capacity claims only. (Rec. Doc. 27 at 10). The City of Kaplan is, by definition, a municipality, and the City's police department is an agency of that municipality. Therefore, Plaintiff is barred from recovering punitive damages from the City of Kaplan. To the extent Plaintiff has asserted any claims against Officers Burton and Hardy in their official capacities, such claims are likewise barred. Thus, the Court recommends that Defendants' motion to dismiss, which seeks dismissal of Plaintiff's claims for punitive damages against the City of Kaplan and the officers in their official capacities,[20] be granted.

Defendants have also moved to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing recovery of punitive

---

[20] Defendants did not seek dismissal of Plaintiff's claims for punitive damages against the officers sued individually with regard to federal causes of action. Rec. Doc. 22.

7

damages. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). In his Opposition to Defendants' motion, Plaintiff cited five instances of the availability of punitive damages in Louisiana, none of which apply to this case.[22] Accordingly, the Court recommends granting of Defendants' motion to dismiss Plaintiff's claims for punitive damages under state law.

## **CONCLUSION**

For the reasons discussed herein, it is recommended that Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 6) be DENIED AS MOOT, and that Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages Regarding Plaintiff's First Amended Complaint (Rec. Doc. 22) be GRANTED. Plaintiff's claims for punitive damages against Officers Burton and Hardy in their individual capacities under federal law shall be allowed to proceed, to the extent any claims remain after the Court renders judgment upon Defendants' Motions to Dismiss (Rec. Doc. 18 and Rec. Doc. 25).

---

[22] Plaintiff's Opposition cited the five instances of punitive damages, yet he did not argue that any apply to this case. See Rec. Doc. 27, at 19, listing child pornography (La. C.C. art. 2315.3), drunk driving (La. C.C. art. 2315.4), sexual abuse of a child (La. C.C. art. 2315.7), domestic violence (La. C.C. art. 2315.8), interception, disclosure or use of certain wire/oral communications (La. R.S. 15:1312), and instances in which punitive damages would be available pursuant to Louisiana's conflict of laws (La. C.C. art. 3546). All of the parties in this case are Louisiana domiciliaries and the alleged incident was in Louisiana, such that the conflict of laws provision is inapplicable.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of June, 2019.

_____
PATRICK J. HANNA